IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDO GEORGE MBABA et ux | § | |
| PATIENCE MBABA, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-5430 |
| | § | |
| SOCIETE AIR FRANCE, s/h/a | § | |
| AIR FRANCE AIRLINE, | § | |
|    Defendant. | § | |

**ORDER**

The Court, in a thorough Memorandum and Order issued on March 29, 2005, granted Defendant Society Air France, s/h/a Air France Airline's ("Air France") Motion for Summary Judgment [Doc. # 29] dismissing Plaintiff Edo George Mbaba ("Mbaba") and his wife's claims to recover $4,048.66 paid to Defendant Air France to transport four pieces of baggage from Paris, France to Lagos, Nigeria. The Court ruled that Article 24 of the treaty known popularly as the Warsaw Convention,[1] as modified by the Montreal Protocol No. 4 (effective March 4, 1999), preempts all of Mbaba's state law claims and requires dismissal of this case in its entirety. Mbaba moves for a new trial [Doc. # 37] pursuant to Federal Rules of Civil Procedure 59, contending that the Court's ruling is a "manifest error of law." Also pending is Air France's Motion for Sanctions [Doc. # 36] to which Mbaba has not responded.

---

[1]  Convention for the Unification of Certain Rules Relating to International Transportation By Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876, note following 49 U.S.C. § 40105.

Mbaba argues, without probative legal or historical support contradicting the authorities discussed by the Court in its Memorandum and Order, that it "is doubtful that in signing the Warsaw Convention, treaty signatories intended to help airlines raise capital and calculate insurance rates by wholly immunizing airlines from all liability for breaches of contract with their passengers." Plaintiffs' Motion for New Trial ("Mbaba's Motion"), at 3. Mbaba also contends that the Court's ruling means that "any airline can henceforth breach any contract, commit any tort, perpetrate any fraud, and work any willful and malicious deception it may please." *Id.* at 2. Defendant Air France opposes Plaintiffs' Motion as being unfounded in law.

Mbaba essentially seeks reconsideration of the Court's ruling "to correct clear error or prevent manifest injustice," thus implicitly invoking Rule 59(e) of the Federal Rules of Civil Procedure.[2] To satisfy this standard, Plaintiffs must "point to controlling decisions or data that the court overlooked—matters, in other words, that might alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *see Nat'l Center for Mfr'g Sciences v. Dept. of Defense,* 199 F.3d 507, 511 (D.C. Cir. 2000) (stating that a party moving for reconsideration must show "clear errors of law which compel the court to change its prior position"); *Westbrook v. Commissioner of Internal Revenue*, 68 F.3d 868, 879 (5th Cir. 1995) ("Reconsideration of proceedings is generally denied in the

---

[2] Mbaba does not identify which provision of Rule 59 he relies on for the relief he seeks. Rule 59(a), which is the only rule that specifically provides for "new trial," is inapplicable. That rule governs new trials in "action[s] in which there has been a trial by jury" and in "action[s] tried without a jury." This case is neither. *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998) (footnote omitted) ("A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence.").

absence of 'substantial error' or 'unusual circumstances.'" (citation omitted)).  Mbaba's Motion cites nothing that demonstrates any error of law.  In essence, Mbaba complains of the perceived inequity of the result.  However, the cases on which this Court relied in the Memorandum and Order are clear binding authority.  The issue is *not* whether this Court or Mbaba believes the result is desirable.  This Court is bound to apply the law as enacted by Congress in adopting the Warsaw Convention as amended by the Montreal Protocol No. 4 and interpreted by the United States Supreme Court and intermediate appellate courts.  Mbaba has shown no manifest error of law and the Motion for New Trial is without merit.

The Court has considered Defendant Air France's Motion for Sanctions and concluded that the motion should be denied.  While Mbaba's contentions are not legally persuasive, he has a right to assert his position.  It is therefore

**ORDERED** that Plaintiffs' Motion for New Trial [Doc. # 37] is **DENIED**.  It is further

**ORDERED** that Defendant Air France's Motion for Sanctions [Doc. # 36] is **DENIED**.

SIGNED at Houston, Texas this **20th day** of **April, 2005.**

_____
Nancy F. Atlas
United States District Judge